IN THE COURT OF COMMON PLEAS
STARK COUNTY, OHIO

RICHARD LOCKETT )
3019 Harmont Ave NE )
Canton, OH 44705 )
) **2021CV00290**
)
Plaintiff, )
)
) **Forchione**
v. )
)
NAGALV-OHIO, INC. ) **COMPLAINT FOR DISABILITY**
d/b/a AZZ Galvanizing — Canton ) **DISCRIMINATION, FMLA**
1723 Cleveland Avenue SW ) **INTERFERENCE, FMLA**
Canton, OH 44707 ) **RETALIATION, AND NEGLIGENT**
) **TRAINING, RETENTION &**
Defendant. ) **SUPERVISION**
)
)
) <u>**JURY DEMAND ENDORSED HEREON**</u>

Plaintiff Richard Lockett ("Plaintiff") alleges as follows for his Complaint against

Defendant NAGalv-Ohio, Inc. d/b/a AZZ Galvanizing — Canton ("Defendant"):

1.  Plaintiff worked for Defendant in Stark County, Ohio.

2.  Defendant is a foreign corporation, doing business in Stark County, Ohio.

3.  Defendant was an employer of Plaintiff.

4.  Defendant employed Plaintiff as a Kettleman from September 12, 2005 until

September 21, 2020.

5.  The essential functions of Plaintiff's job as a Kettleman included, but were not

limited to, dipping poles into chemicals.

6.  Plaintiff was physically disabled by asthma.



EXHIBIT
A

7. Plaintiff's physical impairment substantially limited one or more of his major life activities, including but not limited to, operation of a major bodily function.

8. Defendant was aware of Plaintiff's disability.

9. Plaintiff has a record of physical impairment.

10. Defendant regarded Plaintiff as having a physical impairment.

11. Joe McGuire ("McGuire"), the Foreman, supervised Plaintiff along with four other Kettleman on the same shift, including: Romie Smith ("Smith"), Bodhi Martin ("Martin"), E. Rich ("Rich"), and Angel.

12. Years of breathing ammonia from the kettle, exacerbated Plaintiff's asthma.

13. Plaintiff routinely suffered asthma attacks at work.

14. McGuire, Smith, Martin, Rich, and Angel observed Plaintiff suffering asthma attacks, including Plaintiff wheezing, gasping for breath, and using an inhaler.

15. In 2020, Plaintiff's asthma attacks became so frequent and severe that he applied for intermittent medical leave under the Family Medical Leave Act ("FMLA").

16. Plaintiff took intermittent medical leave for his asthma under the FMLA on 4/21/20, 4/25/20, 5/11/20, 5/19/20, 5/20/20, 5/21/20, 5/28/20, 5/29/20, 8/3/20, 9/1/20, and 9/17/20.

17. Each day that Plaintiff took intermittent medical leave under the FMLA in 2020, he followed Defendant's call off procedure.

18. Plaintiff submitted doctor's notes related to his disability to Defendant at least eight times in 2020.

2

19. On September 21, 2020, only two business days after Plaintiff last FMLA leave, Aaron Dillon ("Dillon"), the CEO, and McGuire met with Plaintiff.

20. During the September 21st meeting, Dillon stated that he was aware Plaintiff suffered from asthma and he had been taking intermittent FMLA leave; however, Dillon also expressed his discontent with the amount of FMLA leave that Plaintiff had taken in 2020.

21. Plaintiff remarked to Dillon, "I had asthma attacks. I can't help it. If I have an asthma attack, how is it my fault? I'm bringing you doctor's slips." Plaintiff also complained to Dillon that Plaintiff should not be assessed attendance points for taking medical leave under the FMLA. Dillon then communicated Defendant's decision to terminate Plaintiff's employment.

22. Plaintiff still had significant time available to him to use for medical leave under the FMLA when Defendant terminated Plaintiff's employment.

23. Defendant terminated Plaintiff's employment because of his disability and in retaliation for Plaintiff exercising his rights under the FMLA.

24. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

25. Venue is proper in Stark County, Ohio.

26. Plaintiff has suffered damages in excess of $25,000.

27. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on the claim set forth herein.

3

## COUNT I
## DISABILITY DISCRIMINATION

28. Claimant re-alleges each allegation set forth in paragraphs 1 to 27 above.

29. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Plaintiff because of his disability, because of his record of being disabled, or because of a perceived disability.

30. Plaintiff was qualified for his job.

31. Defendant discriminated against Plaintiff because of his disability.

32. Plaintiff suffered an adverse employment action when Defendant terminated his employment because of his disability, because of his record of being disabled, and because Defendant regarded Plaintiff as disabled.

33. Plaintiff has been damaged by Defendant's disability discrimination.

34. Defendant's conduct is the cause of Plaintiff's damages.

35. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT II
## FMLA INTERFERENCE

36. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 35 above.

37. In violation of the Family Medical Leave Act of 1993, 29 U.S.C. Section 2601, *et seq.*, Defendant retaliated against Plaintiff by terminating his employment because he took medical leave.

38. Plaintiff was engaged in FMLA protected activity by taking medical leave.

4

39. Defendant knew that Plaintiff was exercising FMLA rights by taking medical leave.

40. Plaintiff suffered an adverse employment action by being terminated by Defendant.

41. There is a causal connection between Plaintiff's FMLA protected activity and termination.

42. Plaintiff has been damaged by Defendant's retaliation.

43. Defendant's conduct is the cause of Plaintiff's damages.

44. Defendant acted willfully in violating the FMLA.

45. Plaintiff is entitled to liquidated damages and his attorney's fees and costs pursuant to the FMLA.

## COUNT III
## FMLA RETALIATION

46. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 45 above.

47. In violation of the Family Medical Leave Act of 1993, 29 U.S.C. Section 2601, *et seq.*, Defendant retaliated against Plaintiff by terminating his employment because he took medical leave.

48. Plaintiff was engaged in FMLA protected activity by taking medical leave.

49. Defendant knew that Plaintiff was exercising FMLA rights by taking medical leave.

50. Plaintiff suffered an adverse employment action by being terminated by Defendant.

51. There is a causal connection between Plaintiff's FMLA protected activity and termination.

52. Plaintiff has been damaged by Defendant's retaliation.

53. Defendant's conduct is the cause of Plaintiff's damages.

54. Defendant acted willfully in violating the FMLA.

55. Plaintiff is entitled to liquidated damages and his attorney's fees and costs pursuant to the FMLA.

## COUNT IV
## NEGLIGENT TRAINING, RETENTION & SUPERVISION

56. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 55 above.

57. Defendant had a duty to use due care in training, retaining, and supervising Dillon.

58. Defendant breached its duty to use due care in training, retaining, and supervising Dillon.

59. Plaintiff has been damaged by Defendant's failure to use due care.

60. Defendant's conduct is the cause of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendant for his lost wages, reinstatement or front pay, lost fringe benefits, liquidated damages, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

6

Respectfully submitted,

Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*